UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


ROBIN MICHELLE MEYER,

        Plaintiff,

v.

NANCY A. BERRYHILL[1], *Acting Commissioner of Social Security*,

        Defendant.

Case No. LA CV 16-9350 JCG

**MEMORANDUM OPINION AND ORDER**

    Robin Michelle Meyer ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits. Two issues are presented for decision here:

    1.    Whether the Administrative Law Judge ("ALJ") properly assessed Plaintiff's treating psychiatrist's opinion (*see* Joint Stipulation ("Joint Stip.") at 2-8, 13-15); and

    2.    Whether the ALJ properly assessed Plaintiff's credibility (*id.* at 2, 16-22, 26-29).

---

[1]     The Court **DIRECTS** the Clerk of Court to update the case caption to reflect Nancy A. Berryhill as the proper Defendant. *See* Fed. R. Civ. P. 25(d); (Joint Stip. at 1 n.1).

1

The Court addresses Plaintiff's contentions below, and finds that reversal is not warranted.

### A. The ALJ Provided Specific and Legitimate Reasons for Assigning Less Weight to Dr. Essaian's Opinion

Plaintiff contends that the ALJ improperly assessed the opinion of her treating psychiatrist, Dr. Inessa Essaian. (Joint Stip. at 2-8, 13-15.)

As a rule, if an ALJ wishes to disregard the opinion of a treating or examining physician, "he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983); *accord Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008).

Here, the ALJ properly assigned "little weight" to Dr. Essaian's opinion for three reasons.

First, as Plaintiff concedes, Dr. Essaian's opinion that Plaintiff is "permanently disabled from work" and that her "disabilities . . . prevent her from working" are issues reserved for the Commissioner. (*See* Joint Stip. at 5, 14; Administrative Record ("AR") at 18, 482, 522); *see also Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (2005) ("Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ as to the existence of an impairment or the ultimate determination of disability."); 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1) (statements by a medical source that a claimant is "disabled" or "unable to work" are "not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner"); *Dimasi v. Colvin*, 2015 WL 5842283, at *6 (C.D. Cal. Oct. 6, 2015) (ALJ properly accorded little weight to psychiatric opinion that claimant was "unable to sustain employment" because that was an issue reserved for the Commissioner).

Second, the ALJ could reasonably infer that Plaintiff's condition had been stable because Dr. Essaian's treatment[2] – meeting with Plaintiff and continuing the same prescription[3] – was consistent and unchanging for years. (AR at 18-19, 76-77, 482); *Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments that can be controlled with treatment are not disabling); *Williamson v. Berryhill*, 2017 WL 3701229, at *2 (C.D. Cal. Aug. 25, 2017) ("Presumably, if [claimant]'s migraines were as disabling as she claimed, common sense dictates that she would have . . . not simply continued to take the same medication that she had been taking, which were not working, for years."); *Smith v. Astrue*, 2009 WL 799174, at *12 (E.D. Cal. Mar. 24, 2009) (ALJ reasonably inferred that claimant must have experienced some improvement because she took the same medication for pain and mental health issues for two to five years; "otherwise, logic would suggest the initiation of a change in dosage, prescription, or treatment").

Third, Dr. Essaian's opinion conflicted with medical opinions and testimony of other doctors, including (1) psychiatric consultative examiner Pramual Pinanong, M.D., and (2) psychological medical expert Betty Borden, Ph.D. (AR at 18-19, 74-91, 500-06); *see Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) ("[I]t was permissible for the ALJ to give [treating physician opinions] minimal evidentiary weight, in light of . . . opinions and observations of other doctors.");

---

[2] Dr. Essaian began treating Plaintiff in 2006. (AR at 482). As the ALJ pointed out, Plaintiff's treatment consisted of meeting with the doctor once every four to five weeks to continue her prescription for Xanax, until 2014. (*Id.* at 18, 76, 482.)

[3] In finding Plaintiff could perform a full range of work at all exertional levels, with only a simple-repetitive-routine-tasks limitation, the ALJ also described Plaintiff's treatment as "conservative." (AR at 17-18.) It is unclear whether monthly meetings and .5 mg Xanax, "as needed," is conservative treatment. (*Id.* at 77, 482, 522); *see Garcia v. Colvin*, 2015 WL 4450901, at *3 (C.D. Cal. July 20, 2015) (ALJ erred by finding claimant's treatment conservative because the court considered biofeedback therapy and Xanax prescriptions non-conservative treatment). The Court, however, does not need to reach that determination here because the ALJ provided other valid reasons for assigning less weight to the opinion. *See Reyes v. Berryhill*, 2017 WL 4310752, at *16 (N.D. Cal. Sept. 28, 2017) (declining to determine whether "medication management and therapy" were sufficiently "conservative" to undermine the severity of mental health impairments because ALJ provided other specific and legitimate reasons supported by substantial evidence).

*Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (reviewing court must affirm Commissioner's decision if it is based on findings of fact that are supported by substantial evidence in the "record as a whole"); *Kane v. Colvin*, 2015 WL 5317149, at *3 (E.D. Cal. Sept. 10, 2015) (ALJ properly rejected treating physician's opinion in part because it contradicted state agency physicians' less severe limitation findings).

Thus, the ALJ's assessment of Dr. Essaian's opinion does not warrant reversal.

B. The ALJ Provided Clear and Convincing Reasons for Discounting Plaintiff's Credibility, and Any Error Was Harmless

Plaintiff contends that the ALJ improperly assessed her credibility. (Joint Stip. at 2, 16-22, 26-29).

As a rule, an ALJ can reject a claimant's subjective complaints by "expressing clear and convincing reasons for doing so." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines a claimant's complaints." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (citation and internal quotation marks omitted).

Here, the ALJ provided at least two valid reasons for "not fully credit[ing] the [Plaintiff]'s testimony and allegations." (AR at 19.)

First, as discussed above, the ALJ could reasonably infer Plaintiff's condition was stable for years in light of her consistent and unchanging course of treatment. (AR at 19, 76-77, 482); *Warre*, 439 F.3d at 1006; *Williamson*, 2017 WL 3701229 at *2; *Olson v. Colvin*, 2014 WL 1513346, at *7 (E.D. Cal. Apr. 11, 2014) (upholding credibility determination, in part, because Plaintiff had taken the same medication with effective symptom management for eight years).

Second, Plaintiff's admission that she looked for work every day online showed she felt capable of work. (AR at 19, 246); *Merritt v. Colvin*, 572 F. App'x 468, 470 (9th Cir. 2014) (ALJ properly reasoned that claimant's "'interest in starting a new job is not consistent with [the] marked limitations in the ability to tolerate work pressures'

4

about which [claimant] testified"); *Lenhart v. Astrue*, 252 F. App'x 787, 789 (9th Cir. 2007) (ALJ reasonably determined claimant exaggerated symptoms in part because he applied for a job and collected unemployment benefits); *Copeland v. Bowen*, 861 F.2d 536, 542 (9th Cir. 1988) (ALJ properly discredited claimant's testimony in part because he held himself out as available for work).

The ALJ, however, erred by relying on Plaintiff's daily activities. (AR at 19). The ALJ correctly noted that Plaintiff is functional in many of her activities of daily living[4]. (AR at 16, 19); *see Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (ALJ properly discounted subjective complaints based in part on claimant's ability to attend to needs of her two children, cook, and do laundry); *Sibala v. Astrue*, 2011 WL 2693497, at *16 (S.D. Cal. June 2, 2011) (claimant's statements that she was unable to work inconsistent with ability to care for children, drive, do chores, use a computer, attend prayer group, and participate in other activities). However, the Court agrees with Plaintiff that the ALJ failed to make findings as to the transferability of those activities to the workplace. (Joint Stip. at 19-20, 27; AR at 19); *see Martinez v. Berryhill*, ___ F. App'x ___, 2017 WL 6047526, at *2 (9th Cir. Dec. 7, 2017) (ALJ improperly "discounted [claimant]'s testimony based on her daily activities . . . [without] support[ing] the conclusions as to the frequency of those activities or their transferability to the workplace."); *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (ALJ must make "specific findings related to [the daily] activities and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination").

Nonetheless, any such error is harmless in light of the other valid reasons for rejecting the testimony. *See Reyes v. Berryhill*, ___ F. App'x ___, 2018 WL 1516707, at *1 (9th Cir. Mar. 28, 2018) (where ALJ provided valid reasons for finding

---

[4] Specifically, the ALJ discussed Plaintiff's admissions that she (1) drives; (2) enjoys reading and spending time on the computer; (3) is able to maintain attention, follow instructions, manage finances, and complete repairs; and (4) is able to care for her children and do "basic mom stuff." (AR at 16, 19, 239-46, 452, 455.)

5

claimant's testimony not entirely credible, "[a]ny error in other reasons provided by the ALJ was harmless"); *Carmickle*, 533 F.3d at 1162 (when ALJ provides specific reasons for discounting claimant's credibility, decision may be upheld even if certain reasons were invalid as long as "remaining reasoning and ultimate credibility determination" were supported by substantial evidence (emphasis omitted)); *Strutz v. Colvin*, 2015 WL 4727459, at *7 (D. Or. Aug. 10, 2015) (upholding credibility finding because ALJ provided at least one valid reason to discount claimant's testimony).

Thus, the ALJ's assessment of Plaintiff's credibility does not warrant reversal.[5]

//

//

//

//

//

---

[5] Plaintiff also appears to contend that the ALJ erred by acknowledging the "two-step process" for evaluating subjective symptom testimony, but without specifically articulating the first step – that Plaintiff had presented objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of her alleged symptoms. (Joint Stip. at 19, 26-27.) The ALJ clearly found Plaintiff had severe mental impairments supported by the medical evidence of record, and she evaluated the credibility of Plaintiff's testimony and allegations regarding her symptoms. (AR at 14, 17-19); *see Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) (reviewing courts are "not deprived of our faculties for drawing . . . inferences" from ALJ's decision; ALJ not required to recite "magic words"). Even so, in light of the valid reasons articulated by the ALJ for finding Plaintiff not fully credible, any error in the wording of the ALJ's application of the first step was inconsequential to the ultimate nondisability determination, and therefore harmless. *See Brown-Hunter*, 806 F.3d at 492 (explaining that error is harmless if it is inconsequential to the ultimate nondisability determination); *Reyes*, 2018 WL 1516707, at *1 (same).

Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

DATED: April 02, 2018

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication.  Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*